# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NOBILIS HEALTH CORP., *et al.*,<br><br>    Debtors. | Chapter 7<br><br>Case No. 19-12264 (CTG)<br><br>(Jointly Administered)<br><br>**Related Docket No. 236** |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*,<br><br>    Plaintiff/Appellant,<br><br>    v.<br><br>HARRY J. FLEMING, *et al.*,<br><br>    Defendants/Appellees. | Adv. Proc. No. 21-51183 (CTG)<br><br>**Related Docket No. 285**<br><br>Adv. Proc. No. 23-50486 (CTG)<br><br>**Related Docket No. 55** |

## INDICATIVE RULING REGARDING THE TRUSTEE'S
## MOTION FOR AN ORDER APPROVING SETTLEMENT

Alfred T. Giuliano is the chapter 7 trustee in the *Nobilis Health Corp.* bankruptcy case.[1] He filed two separate adversary proceedings against a group of six individuals.[2] In one of those cases, this Court entered summary judgment in favor of defendants. In the other, this Court entered summary judgment in favor of certain defendants, and made proposed findings and conclusions recommending the entry of summary judgment in favor of the other defendants.

---

[1] *In re Noblis Health Corp., et al.,* Bankr. D. Del. No. 19-12264.

[2] *Giuliano v. Fleming, et al.,* Bankr. D. Del. Nos. 21-51183, 23-50486.

The trustee appealed the two orders granting summary judgment to the district court.[3] The trustee also objected to this Court's proposed findings and conclusions.[4] In the meantime, the parties to these cases have reached settlement agreements. The trustee filed motions in this Court seeking approval of those settlements under Federal Rule of Bankruptcy Procedure 9019. When no party objected to those motions, the trustee filed certifications of counsel, asking this Court to approve the settlements.[5]

The catch is that the filing of a notice of appeal "is an event of jurisdictional significance" that "divests the [trial] court of its control over those aspects of the case involved in the appeal."[6] This Court accordingly lacks jurisdiction to grant the trustee's 9019 motion as to those cases on appeal because approving the settlement would "moot" the issues before the district court and "strip [it] of jurisdiction."[7] Whether this Court may approve the settlement as to the third case, however, where *objections* to this Court's proposed findings and conclusions are currently pending with the district court, is less obvious. Out of an abundance of caution, however, the Court will treat the third case in the same manner as the two cases on appeal.

---

[3] *Giuliano v. Fleming, et al.*, D. Del. Nos. 24-737, 24-738.

[4] *Giuliano v. Fleming, et al.*, D. Del. No. 24-1109.

[5] D.I. 241 (No. 19-12264); D.I. 289 (Adv. Proc. No. 21-51183); D.I. 59 (Adv. Proc. No. 23-50486).

[6] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[7] *In re ESML Holdings*, 135 F.4th 80, 98 n.9 (3d Cir. 2025); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods.*, 906 F.2d 1059, 1063-1064 (5th Cir. 1990) (holding that the trial court exceeded its jurisdiction by allowing the plaintiff to amend its complaint to remove the allegation on appeal).

Federal Rule of Bankruptcy Procedure 8008 is addressed to precisely this situation. It states that "[i]f a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may … state that it would grant the motion if the court where the appeal is pending remands for that purpose."[8]

That is precisely the situation here. If the district court were to remand these cases to this court for consideration of the motions to approve the settlement, this Court would approve them.

The parties are advised that Federal Rule of Bankruptcy Procedure 8008(b) provides that "[i]f the bankruptcy court states that it would grant the motion … the movant must promptly notify the clerk of the court where the appeal is pending."

Dated: July 14, 2025

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

---

[8] Fed. R. Bankr. P. 8008(a)(3).